**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **MAHLON KIRWA**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Case No. 1:17-cv-01793-ESH** |
| | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF DEFENSE**, *et al.*, | ) | **[Oral Argument Requested]** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**
**AND APPOINTMENT OF CLASS COUNSEL**

Pursuant to Rule 23 of the Federal Rules of Civil Procedure and Rule 23.1(b) of the Local Rules of the U.S. District Court for the District of Columbia, Plaintiffs Mahlon Kirwa, Santhosh Meenhallimath, and Ashok Viswanathan (collectively, "Plaintiffs") hereby move the Court for an order certifying this case as a class action,[1] with the class consisting of all persons who:

(i)      have enlisted in the U.S. military through the Military Accessions Vital to the National Interest ("MAVNI") program;

(ii)     have served in the Selected Reserve of the Ready Reserve ("Selected Reserve"); and

(iii)    have not received a completed Form N-426 from the military.

As described in Plaintiffs' Memorandum of Points and Authorities in Support of this Motion, Plaintiffs satisfy the requirements set forth in Federal Rule of Civil Procedure 23(a).  First, based on Defendants' own documents and statements, the Plaintiff class, at a minimum, is

---

[1]      In accordance with Rule 7(m) of the Local Rules of the U.S. District Court for the District of Columbia, undersigned counsel for the Plaintiffs met and conferred with counsel for the Defendants, but the parties were unable to resolve or narrow the disputed issues that would be brought to the Court in this motion.

approximately 2,000 MAVNI soldiers.  Second, the proposed class members share common facts and the case raises central legal questions that are common to each class member, including questions arising out of Defendants' policies and practices with respect to the issuance of Form N-426s to MAVNI Selected Reservists.  Third, the named Plaintiffs' claims are typical of the claims of the proposed class, as all of them have been subject to Defendants' same unlawful policy and practice and have sustained the same type of injuries from Defendants' conduct.  Fourth, Plaintiffs and their counsel will adequately represent the class and are prepare to vigorously prosecute this action on behalf of the class.

Furthermore, certification is warranted under either: Rule 23(b)(1) because there is a significant risk that separate actions would result in inconsistent decisions and incompatible standards as to Defendants' contested policies and action or Rule 23(b)(2) because the class has been subjected to Defendants' common policies and procedures and Plaintiffs are seeking injunctive and declaratory relief, which is appropriate for the class as a whole.

WHEREFORE, Plaintiffs respectfully move this Court for an Order certifying the class and appointing their attorneys as class counsel.

Dated: September 19, 2017

Respectfully submitted,

FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP


_____/s/ Joseph J. LoBue_____
Joseph J. LoBue (D.C. Bar No. 484097)
Douglas W. Baruch (D.C. Bar No. 414354)
Jennifer M. Wollenberg (D.C. Bar No. 494895)
Neaha P. Raol (D.C. Bar No. 1005816)
Shaun A. Gates (D.C. Bar No. 1034196)
Katherine L. St. Romain (D.C. Bar No. 1035008)
Webster R. M. Beary (D.C. Bar No. 1041653)
Fried, Frank, Harris, Shriver & Jacobson LLP
801 17th Street, NW
Washington, D.C. 20006
Telephone:  (202) 639-7000
Facsimile:   (202) 639-7003
E-mail:  joseph.lobue@friedfrank.com
Email: douglas.baruch@friedfrank.com
Email: jennifer.wollenberg@friedfrank.com

*Counsel for Plaintiffs*

3

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MAHLON KIRWA**, *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )    **Case No. 1:17-cv-01793-ESH** |
| | ) |
| **UNITED STATES DEPARTMENT** | )    **[Oral Argument Requested]** |
| **OF DEFENSE**, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

Joseph J. LoBue (D.C. Bar No. 484097)
Douglas W. Baruch (D.C. Bar No. 414354)
Jennifer M. Wollenberg (D.C. Bar No. 494895)
Neaha P. Raol (D.C. Bar No. 1005816)
Webster R. M. Beary (D.C. Bar No. 1041653)
Shaun A. Gates (D.C. Bar No. 1034196)
Katherine L. St. Romain (D.C. Bar No. 1035008)
Fried, Frank, Harris, Shriver & Jacobson LLP
801 17th Street, NW
Washington, D.C. 20006
Telephone:  (202) 639-7000
Facsimile:   (202) 639-7003
Email: joseph.lobue@friedfrank.com
Email: douglas.baruch@friedfrank.com
Email: jennifer.wollenberg@friedfrank.com

*Counsel for Plaintiffs*

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ...................................................................................................... ii

BACKGROUND ...................................................................................................................... 1

ARGUMENT ........................................................................................................................... 2

      I.      The Proposed Class ................................................................................................ 2

      II.     The Rule 23 Standard ............................................................................................ 3

      III.    Plaintiffs Satisfy Rule 23(a) ................................................................................. 4

            A.     The Proposed Class Is So Numerous That Joinder Of All Members Is Impracticable .......................................................................... 5

            B.     There Are Common Questions Of Both Law And Fact ............................. 7

            C.     Plaintiffs' Claims Are Typical Of The Claims Of The Class As A Whole ........................................................................................................ 10

            D.     The Named Plaintiffs Fairly And Adequately Represent The Interests Of The Class .............................................................................. 10

      IV.    Class Certification As Appropriate Under Either Rule 23(b)(1) Or Rule 23(b)(2) ................................................................................................. 12

      V.     The Court Should Designate Plaintiffs' Counsel As Class Counsel ...................... 14

CONCLUSION ........................................................................................................................ 16

i

# TABLE OF AUTHORITIES*

**PAGE**

**Cases**

*Adair v. England*,
209 F.R.D. 5 (D.D.C. 2002)................................................................................................12

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997).............................................................................................................3

*Bynum v. Dist. of Columbia*,
214 F.R.D. 27 (D.D.C. 2003)...............................................................................................5

*Chang v. United States*,
217 F.R.D. 262 (D.D.C. 2003).............................................................................................6

*Coleman v. Pension Benefit Guar. Corp.*,
196 F.R.D. 193 (D.D.C. 2000).............................................................................................5

*Crown, Cork & Seal Co. v. Parker*,
462 U.S. 345 (1983).............................................................................................................3

*Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*,
239 F.R.D. 9 (D.D.C. 2006).................................................................................................5

*DL v. Dist. of Columbia*, 302 F.R.D. 1 (D.D.C. 2013) ..............................................................5, 6

*Encinas v. J.J. Drywall Corp.*,
265 F.R.D. 3 (D.D.C. 2010).....................................................................................8, 10, 15

*Gen. Tel. Co. of the Northwest, Inc. v. EEOC*,
446 U.S. 318 (1980).............................................................................................................5

*Gen. Tel. Co. of the Southwest v. Falcon*,
457 U.S. 147 (1982).......................................................................................................3, 10

*Greenberg v. Colvin*,
63 F. Supp. 3d 37 (D.D.C. 2014)........................................................................................15

*Johnson v. Dist. of Columbia*,
248 F.R.D. 46 (D.D.C. 2008)...............................................................................................8

*Kifafi v. Hilton Hotels Ret. Plan*,
189 F.R.D. 174 (D.D.C. 1999).......................................................................................5, 11

---

\*      Asterisks identify those authorities on which Plaintiffs chiefly rely.

*Lewis v. Nat'l Football League*,
146 F.R.D. 5 (D.D.C. 1992)................................................................................................6

*Lindsay v. Gov't Employees Ins. Co.*,
251 F.R.D. 51 (D.D.C. 2008)..............................................................................................5

*\*Meijer, Inc. v. Warner Chilcott Holdings Co. III, Ltd.*,
246 F.R.D. 293 (D.D.C. 2007)........................................................................................5, 11

*In re Mun. Derivatives Antitrust Litig.*,
252 F.R.D. 184 (SDNY 2008) ...........................................................................................15

*Nio, et al. v. United States Dep't of Homeland Security, et al.*,
No. 17-cv-998-ESH (D.D.C.) ....................................................................................... *passim*

*\*R.I.L-R v. Johnson*,
80 F. Supp. 3d 164 (D.D.C. 2015) ...............................................................................8, 10, 13

*Richards v. Delta Air Lines, Inc.*,
453 F.3d 525 (D.C. Cir. 2006) ........................................................................................ 3-4

*Robidoux v. Celani*,
987 F.2d 931 (2d Cir. 1993)........................................................................................ 7, 13-14

*Santillan v. Ashcroft*,
No. C04-2686-MHP, 2004 WL 2297990 (N.D. Cal. Oct. 12, 2004)......................................14

*Taylor v. Dist. of Columbia Water & Sewer Auth.*,
241 F.R.D. 33 (D.D.C. 2007)............................................................................................10

*\*Thorpe v. Dist. of Columbia*,
303 F.R.D. 120 (D.D.C. 2014)......................................................................................3, 7, 11

*\*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011).................................................................................................. *passim*

**Statutes**

8 U.S.C. § 1440.................................................................................................... *passim*

**Rules**

Local Rules of the U.S. District Court for the District of Columbia
Rule 23.1(b) .....................................................................................................................1

Federal Rules of Civil Procedure
Rule 23 ............................................................................................................... *passim*

**Other Authorities**

7A Wright & Miller, Federal Practice and Procedure § 1775 ......................................................13

Pursuant to Rule 23 of the Federal Rules of Civil Procedure and Rule 23.1(b) of the Local Rules of the U.S. District Court for the District of Columbia, Plaintiffs, by and through their undersigned counsel, hereby file this Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Class Certification and Appointment of Class Counsel (the "Motion").  As set forth below, Plaintiffs ask that the Court (1) certify the requested class; (2) appoint the requested class representatives; and (3) appoint the requested class counsel.

## BACKGROUND

Class action treatment is appropriate here.  The claims arise out of a policy by Defendant Department of Defense ("DoD") that applies equally to every similarly-situated soldier.  As DoD officials already have admitted in a related case, *Nio, et al. v. United States Department of Homeland Security, et al.*, No. 17-cv-998-ESH (D.D.C.) ("*Nio*"), DoD is not now (and has not been in recent months) certifying any new N-426s.  *See Nio*, Dkt. 19-7 (Miller Decl.) ¶ 19; *Nio*, Dkt. 39 ¶ 4.  DoD also admitted that DoD is not certifying (and will not certify) honorable service for any MAVNI Selected Reservists unless they are in active-duty status.  *See Nio*, Dkt. 25-2 (Miller Decl.) at 6.

Plaintiffs contend that this policy is contrary to law.  In particular, 8 U.S.C. § 1440 expressly provides that members who serve in the Selected Reserve of the Ready Reserve ("Selected Reserve") are eligible for naturalization and that service in active-duty status is not required.  If Plaintiffs are right, their mandamus, declaratory, Administrative Procedure Act ("APA"), and injunctive relief claims will prevail such that all otherwise eligible MAVNI Selected Reservists will receive the N-426 certifications they need to submit to the Department of Homeland Security ("DHS") in order to pursue naturalization.

1

Plaintiffs' claims in this case are not dependent on an individualized assessment of honorable duty service, nor are they dependent on an individualized showing of eligibility for naturalization. The question here is the legality of DoD's policy of withholding N-426 certifications to Selective Reservists who have not yet served in active-duty status. In other words, the claims here are common among Plaintiffs and similarly-situated soldiers – numbering approximately 2,000 in all pursuant to DoD estimates – and warrant class action certification under Rule 23.

## ARGUMENT

### I.    The Proposed Class

Plaintiffs seek certification of a class of soldiers who:

(1)     have enlisted in the U.S. military through the MAVNI program;

(2)     have served in the Selected Reserve; and

(3)     have not received a completed Form N-426 from the military.[1]

Plaintiffs and the class members share several common questions, and the relief Plaintiffs seek would apply broadly to all members of the class. For instance, as described in the Complaint, Plaintiffs seek a declaration that (i) DoD may not withhold or unreasonably delay completion and execution of N-426 certifications for Selected Reserve MAVNI soldiers; (ii) one day of Selected Reserve service is sufficient for purposes of 8 U.S.C. § 1440; (iii) DoD may not refuse to certify honorable service for Selected Reserve MAVNI soldiers on the basis that service in an active-duty status is necessary for naturalization under 8 U.S.C. § 1440; and (iv) DoD may not refuse to

---

[1]     With respect to the named Plaintiffs, these facts have been set forth in Plaintiffs' declarations submitted in support of Plaintiffs' Motion for Preliminary Injunction. *See* Dkt. 11-21 (Kirwa Decl.) ¶¶ 4-5, 8-11; Dkt. 11-22 (Meenhallimath Decl.) ¶¶ 4-5, 8-11; Dkt. 11-23 (Viswanathan Decl.) ¶¶ 4-12.

2

provide an honorable service certification for any Selected Reserve MAVNI soldier seeking naturalization unless a soldier's existing service record reflects conduct that disqualifies that service from being designated as honorable (under the recognized standard applicable to all soldiers regardless of immigration status).  *See* Complaint ¶ 86.

Additionally, Plaintiffs seek, among other relief, an injunction (i) to restrain Defendants from refusing to sign and issue Form N-426s to members of the Selected Reserve; (ii) to set aside Defendants' policy requiring service in an active duty status for certification of honorable service under 8 U.S.C. § 1440; and (iii) to restrain Defendants from refusing to certify honorable service to members of the Selected Reserve, except as related to the conduct of an individual soldier as reflected in that soldier's service record and based on sufficient grounds generally applicable to all members of the military.  *See* Complaint ¶¶ 90-91.

Certifying the proposed class would result in both judicial economy and efficient use of party resources "by permitting an issue potentially affecting every class member to be litigated in an economical matter," which courts (including this Court) have identified as a primary purpose of class actions.  *Thorpe v. Dist. of Columbia*, 303 F.R.D. 120, 143 (D.D.C. 2014) (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 155 (1982)); *see also Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983) (stating that two primary purposes of class actions are to facilitate judicial economy by avoiding multiple suits and to protect the rights of persons who might not be able to present claims on an individual basis).

## II.    The Rule 23 Standard

Rule 23 of the Federal Rules of Civil Procedure sets forth the requirements for class certification.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-14 (1997); *Richards v. Delta*

3

*Air Lines, Inc.*, 453 F.3d 525, 529 (D.C. Cir. 2006).  Rule 23(a) specifies that the class satisfy four criteria:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)-(4); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011) ("Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate.").

Class action certification also requires satisfaction of one of the categories listed in Rule 23(b).  Plaintiffs meet Rule 23(b)(1), which requires that the prosecution of separate actions by individual class members "would create a risk of inconsistent or varying adjudications . . . that would establish incompatible standards of conduct."  Fed. R. Civ. P. 23(b)(1).  Alternatively, Plaintiffs satisfy Rule 23(b)(2), which requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).

## III.   Plaintiffs Satisfy Rule 23(a)

The requirements of Rule 23(a) are numerosity, commonality, typicality of claims, and adequacy of representation.  Each factor is present here.

## A.      The Proposed Class Is So Numerous That Joinder Of All Members Is Impracticable

Rule 23(a)(1)'s numerosity factor assesses whether joinder is impracticable due to the size of the class. The operative question is whether it would be too inconvenient and difficult – for the court and the parties – to join all members of the class individually and to litigate each member's claims on an individualized basis. *See DL v. Dist. of Columbia*, 302 F.R.D. 1, 11 (D.D.C. 2013) ("Demonstrating impracticability of joinder does not mandate that joinder of all parties be impossible—only that the difficulty or inconvenience of joining all members of the class make use of the class action appropriate.") (internal quotations and citations omitted); *Meijer, Inc. v. Warner Chilcott Holdings Co. III, Ltd.*, 246 F.R.D. 293, 306-07 (D.D.C. 2007); s*ee also Coleman v. Pension Benefit Guar. Corp.*, 196 F.R.D. 193, 198 (D.D.C. 2000) (noting that the numerosity requirement is satisfied where it is clear that joinder would be impracticable).

The numerosity requirement "imposes no absolute limitations" and is determined on a case-by-case basis. *Bynum v. Dist. of Columbia*, 214 F.R.D. 27, 32 (D.D.C. 2003); *see also Gen. Tel. Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 330 (1980). However, as a general benchmark, a class of more than 40 members "is sufficiently numerous to satisfy this requirement." *Lindsay v. Gov't Employees Ins. Co.*, 251 F.R.D. 51, 55 (D.D.C. 2008); *see also Meijer*, 246 F.R.D. at 306; *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 239 F.R.D. 9, 25 (D.D.C. 2006) ("[C]ourts in this jurisdiction have observed that a class of at least forty members is sufficiently large."). Furthermore, Plaintiffs do not need to provide an exact number of individuals who fall within the class to merit certification. *See, e.g.*, *Kifafi v. Hilton Hotels Ret. Plan*, 189 F.R.D. 174, 176 (D.D.C. 1999) ("So long as there is a reasonable basis for the estimate provided, the numerosity requirement can be satisfied without precise numbers.").

DoD itself has described the class proposed here as comprised of as many as 2,000 soldiers. In a related action pending in this Court, *Nio*, DoD confirmed the authenticity of a May 19, 2017 DoD "Action Memo," which was presented to and purportedly acted on by the Secretary of Defense. *Nio*, Dkt. 25-2 (Miller Decl.) at 8. The DoD Action Memo reports that "approx. 2,400" MAVNIs are drilling in the Selected Reserve Delayed Training Program "without an SSBI or Enhanced Screening" who "[h]ave not attended basic training." Dkt. 11-9 at 2. Since the Memo further reports that approximately 500 members of this group already have received N-426 certifications (and thus would not be members of the proposed class), that leaves approximately 2,000 Delayed Training Program ("DTP") MAVNIs who have honorably served in the Selected Reserve and are eligible to receive (but have not received) signed Form N-426s enabling them to apply for naturalization. *See id.*; *see also Nio*, Dkt. 26 (July 27, 2017 DoD Memo) at 4 (stating that there are "2,513 Soldiers currently in the Delayed Training Program . . . ."). The number of soldiers in this group – approximately 2,000 – easily satisfies the numerosity requirement.

Moreover, because the proposed class is widely dispersed – with MAVNI Selected Reservists having enlisted and been assigned to multiple U.S. Army units across the country – joinder is impracticable. *See Chang v. United States*, 217 F.R.D. 262 (D.D.C. 2003); *Lewis v. Nat'l Football League*, 146 F.R.D. 5, 8-9 (D.D.C. 1992) (finding numerosity requirement satisfied where approximately 250 players were members of the class and geographical dispersion of potential class members rendered joinder "clearly impracticable").

Finally, the numerosity inquiry may take into account the "financial resources of class members" and "the ability of claimants to institute individual suits." *DL*, 302 F.R.D. at 11 (quoting *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993)). Here, Plaintiffs and the class members are enlisted Selected Reserve soldiers, the majority of whom have limited alternative work

opportunities due to their enlistment and immigration status.[2]  *See Robidoux*, 987 F.2d at 936 (finding that class members' limited financial resources and little ability to institute individual suits weighed in favor of finding that joinder was impracticable).  Indeed, as alleged in the Complaint, due to their limited resources, Plaintiffs are represented by counsel on a pro bono basis. Complaint ¶ 79.

For these reasons, the proposed class meets the numerosity requirement of Rule 23(a)(1).

### B.    **There Are Common Questions Of Both Law And Fact**

Plaintiffs meet Rule 23(a)(2)'s commonality condition as well.  Commonality is satisfied when questions of law or fact are common among class members.  Fed. R. Civ. P. 23(a)(2).  In *Wal-Mart Stores, Inc. v. Dukes*, the Supreme Court explained that the commonality test is met when the claims of the class depend on a "common contention [that] is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  564 U.S. at 350.  And, as this Court has explained, "[e]ven a single common question will do."  *Thorpe*, 303 F.R.D. at 145.  In other words, the commonality test is met where there is at least one issue, the resolution of which will affect the class.  Thus, the commonality requirement for class certification is satisfied where "resolution of these common contentions will generate common answers for the entire class and resolve issues that are central (and potentially dispositive) to the validity of each plaintiff's claim and the claims of the class as a whole."  *Id.* at 146-47.  That circumstance is presented here.

---

[2]      *See, e.g.*, Dkt. 11-21 (Kirwa Decl.) ¶ 13.

This case presents questions common to each class member:

- Whether it is unlawful for DoD to withhold completing and executing a certification (Form N-426) for any Selected Reserve MAVNI seeking naturalization pursuant to Section 1440; and

- Whether it is unlawful for DoD to refuse to certify honorable service for Selected Reservist MAVNI soldiers on the basis that service in an active-duty status is necessary for naturalization under 8 U.S.C. § 1440.

Courts have held that commonality is present when there is "a uniform policy or practice that affects all class members." *DL v. Dist. of Columbia*, 713 F.3d 120, 128 (D.C. Cir. 2013); *see also R.I.L-R v. Johnson*, 80 F. Supp. 3d 164, 181 (D.D.C. 2015) (granting provisional class certification, in part because DHS policy of having Immigration and Customs Enforcement consider deterrence of mass immigration as a factor in custody releases satisfied the commonality requirement); *Encinas v. J.J. Drywall Corp.*, 265 F.R.D. 3, 8-9 (D.D.C. 2010) (certifying class and finding commonality where "challenged activity is the same" for plaintiffs and class members and involved company's alleged policy of withholding portion of employees' gross wages); *Johnson v. Dist. of Columbia*, 248 F.R.D. 46, 53 (D.D.C. 2008) (certifying class of female arrestees where principal legal issue was whether Defendants' blanket strip search policy violated class members' Fourth and Fifth Amendment rights).

Plaintiffs are challenging Defendants' policy and practice of withholding and refusing to execute or certify Form N-426s on the grounds that Selected Reservist MAVNI soldiers without active duty service cannot receive such certifications. These policies and practices systemically apply to Plaintiffs and class members; they do not arise out of circumstances that are unique to each member.

In fact, in the *Nio* action, Defendants admitted to this Court that they instituted a broad policy aimed at MAVNI soldiers that interferes with their ability to seek and obtain naturalization adjudication pursuant to 8 U.S.C. § 1440.  On July 7, 2017, a DoD official asserted that "DoD is not certifying any new MAVNI N-426s."  *Nio*, Dkt. 19-7 (Miller Decl.) ¶ 19.  Later, on July 28, 2017, that same official confirmed DoD's position that Selected Reservists "must have served in an 'active duty status' for DoD to certify honorable service [for naturalization under 8 U.S.C. § 1440]."  *Nio*, Dkt. 25-2 (Miller Decl.) at 6.  Since that time, DoD has continued to withhold issuing or certifying any N-426s (*Nio*, Dkt. 39 ¶ 4) and has reiterated, in writing, that active-duty service is required before a commanding officer will certify the "honorable service" of a Selected Reservist MAVNI.  *See* Dkt. 11-10 (August 17, 2017 Office of the Chief of Army Reserve Memorandum) at 1 ("withhold[ing] authority to certify the honorable service (N-426) of Soldiers who have not yet attended Initial Entry Training (IET)" and requiring commanders that seek certification for soldiers who have not attended IET to "provide a detailed justification . . . that includes an explanation of all periods of active-duty service").

These DoD policies and procedures, as Plaintiffs alleged in the Complaint, violate 8 U.S.C. § 1440, and constitute unlawful agency action under the APA.  Thus, Plaintiffs seek declaratory, injunctive, and other relief so that Defendants do not continue to prohibit MAVNIs Selected Reservists from exercising their statutory right to seek naturalization in accordance with 8 U.S.C. § 1440.  In other words, all members of the proposed class are challenging the same unlawful DoD policies and practices – which uniformly apply to all class members – and the Court's determination of whether those policies and practices are unlawful would resolve all class members' claims "in one stroke."  *Wal-Mart*, 564 U.S. at 350.

## C.      Plaintiffs' Claims Are Typical Of The Claims Of The Class As A Whole

The third component of Rule 23(a) requires that the claims of the representatives be typical of the claims of the class.  Fed. R. Civ. P. 23(a)(3).  *See Taylor v. Dist. of Columbia Water & Sewer Auth.*, 241 F.R.D. 33, 44 (D.D.C. 2007).  "[A] class representative's claims are typical of those of the class if 'the named plaintiffs' injuries arise from the same course of conduct that gives rise to the other class members' claims.'"  *Encinas*, 265 F.R.D. at 9 (quoting *Bynum*, 214 F.R.D. at 35).  Indeed, the typicality and commonality requirements often merge because both requirements "serve as guideposts" in determining "whether a class action is practical and whether the representative plaintiffs' claims are sufficiently interrelated with the class claims to protect absent class members."  *R.I.L-R*, 80 F. Supp. 3d at 181 (internal quotations and citations omitted); *see also Falcon*, 457 U.S. at 157 n.13 (stating that "the commonality and typicality requirements of Rule 23(a) tend to merge").

Here, Plaintiffs' claims arise from the same conduct by Defendants that provides the basis for all class members' claims – namely, (i) DoD's unlawful withholding and refusal to execute or certify Form N-426s for Selected Reservist MAVNIs who are serving, and (ii) DoD's active duty service requirement.  Notwithstanding any individual or factual differences that may exist among the members of the proposed class, each member is subject to the same unlawful policies and the same inability to pursue naturalization as a result of these policies.

Accordingly, the typicality requirement of Rule 23(a) is satisfied.

## D.      The Named Plaintiffs Fairly and Adequately Represent the Interests of the Class

To meet the Rule 23(a)(4) condition that the named plaintiffs "fairly and adequately protect the interest of the class," (1) the interest of the representative parties must not conflict with the interests of the other class members and (2) the representative parties – through counsel – must be

10

prepared to vigorously pursue the class members' interests.  *See Thorpe*, 303 F.R.D. at 150*; Kifafi*, 189 F.R.D. at 176-77; *Meijer*, 246 F.R.D. at 302.  Here, both of these conditions are satisfied.

First, there is no conflict between the named Plaintiffs and the proposed class.  In fact, they have mutual goals, which are: (1) to have the Court declare as unlawful Defendants' practice of withholding and failing to execute or certify N-426s for Selected Reservist MAVNIs; (2) to have the Court declare as unlawful Defendants' policy that active-duty service is required to certify Selected Reserve MAVNI soldiers' honorable service (N-426s); and (3) to enjoin further violations.  Furthermore, Plaintiffs are not seeking monetary damages, so there is no actual or potential financial conflict between the claims of the named Plaintiffs and the claims of the other class members.  Rather, Plaintiffs are seeking declaratory, injunctive, and other relief that will benefit all class members.  As such, the class representatives' interests in this litigation are co-extensive and shared with those of the class as a whole.

Second, Plaintiffs' attorneys are competent and fully prepared to vigorously represent and pursue the interests of the class.  Plaintiffs' counsel have dedicated considerable work and committed significant resources to this case and the underlying issues over the past several months.  *See* Declaration of Douglas W. Baruch ("Baruch Decl.") ¶ 10.  They will continue to do so.  *Id.* ¶¶ 11-12.  Plaintiffs' attorneys are qualified, and they have the motivation and resources to vigorously represent the class and litigate this case.  *Id.* ¶¶ 3-9, 11-12.  They have extensive experience in public interest cases and complex federal litigation (including litigation against the federal government) and have significant experience with immigration law matters.  *Id.* ¶¶ 3-8. Plaintiffs' counsel have no other professional commitments which are antagonistic to, or which would detract from, their efforts to seek a favorable decision for the proposed class in this case. *Id.* ¶ 13.

11

**IV.**    **Class Certification Is Appropriate Under Either Rule 23(b)(1) Or Rule 23(b)(2)**

Beyond satisfying the four prongs of Rule 23(a), a certifiable class action must fall within one of the categories of cases set forth in Rule 23(b).  This action qualifies for class certification under either Rule 23(b)(1) or Rule 23(b)(2).  *See Wal-Mart*, 564 U.S. at 361-62 ("Classes certified under (b)(1) and (b)(2) share the most traditional justifications for class treatment – that individual adjudications would be impossible or unworkable, as in a (b)(1) class, or that the relief sought must perforce affect the entire class at once, as in a (b)(2) class.").

A class action is warranted under Rule 23(b)(1) when "prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class . . ."  Fed. R. Civ. P. 23(b)(1).  Indeed, as this Court has held, it is appropriate to certify a class action under Rule 23(b)(1)(A) "when the class seeks injunctive or declaratory relief to change an alleged ongoing course of conduct that is either legal or illegal as to all members of the class."  *Adair v. England*, 209 F.R.D. 5, 12 (D.D.C. 2002) (citing 5 Moore's Fed. Practice § 23.41[4] (3d ed. 2000)).  Plaintiffs easily satisfy this standard.  If approximately 2,000 individual class members were to bring separate suits to challenge Defendants' policies and practices with respect to each class member's ability to obtain Form N-426s, the adjudication of these actions may result in inconsistent decisions and/or varying standards to which Defendants would then be held accountable.

Alternatively, a class action may be certified under Rule 23(b)(2) when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2); *see also Wal-Mart*, 564 U.S. at 360 ("The key to the (b)(2) class is the

indivisible nature of the injunctive or declaratory remedy warranted – the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them."). To qualify under Rule 23(b)(2), "the party opposing the class does not have to act directly against each member of the class. The key is whether the party's actions would affect all persons similarly situated so that those acts apply generally to the whole class." 7A Wright & Miller, Federal Practice and Procedure § 1775 (internal quotations and citations omitted).

This is precisely the case here. Plaintiffs are challenging the lawfulness of the policies and practices that Defendants have admitted are in place – including Defendants' refusal to execute or certify N-426s – and are preventing Plaintiffs and the class members from exercising their statutory right to apply for naturalization under 8 U.S.C. § 1440(a). As discussed, these challenged DoD policies and practices apply to all class members simply by virtue of their designation as MAVNI Selected Reservists who are serving but are unable to obtain Form N-426 certifications for which they otherwise (absent the challenged policies) are eligible, without regard to the individual circumstances of their cases or any other differences among them.

Rule 23(b)(2) – as indicated in the Advisory Committee Notes that accompany the published rule – "is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or of a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate." Fed. R. Civ. P. 23, Comment to Subdivision (b)(2). Indeed, courts have long recognized that certification under Rule 23(b)(2) is a particularly important – and appropriate – vehicle for actions challenging the government's policies and practices. *See, e.g.*, *R.I.L-R*, 80 F. Supp. 3d at 182, (certifying class under Rule 23(b)(2) where plaintiffs challenged DHS policy generally applicable to all class members); *Robidoux*, 987 F.2d at 936 (vacating lower court's

13

denial of class certification in case challenging delays in processing public assistance benefits); *Santillan v. Ashcroft*, No. C04-2686-MHP, 2004 WL 2297990, at *12 (N.D. Cal. Oct. 12, 2004) (certifying class under Rule 23(b)(2) where plaintiffs challenged government's policy on when it issued documents on lawful permanent status and sought injunctive relief to change "a set of national policies and practices in place for background and security checks").

Moreover, with regard to the class claims and relief sought, class members do not seek any "individualized" relief, such as damages. *See Wal-Mart*, 564 U.S. at 361 (holding that "[p]ermitting the combination of individualized and classwide relief in a (b)(2) class is . . . inconsistent with the structure of Rule 23(b)"). As discussed above, class members seek an order declaring that Defendants' policy of withholding and refusing to execute or certify class members' honorable service (N-426) and Defendants' requirement of active-duty service in order to certify the honorable service of MAVNI Selected Reservist soldiers for purposes of their N-426 are unlawful.

## V.      The Court Should Designate Plaintiffs' Counsel As Class Counsel

The Court, upon certifying the class, also must appoint class counsel. Fed. R. Civ. P. 23(c)(1)(B) and 23(g). Under Rule 23(g), the Court must consider the following four factors:

  i.   the work counsel has done in identifying or investigating potential claims in the action;

  ii.  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

  iii. counsel's knowledge of the applicable law; and

  iv.  the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). Plaintiffs' counsel satisfy these four factors. *See* Baruch Decl. ¶¶ 3-12.

Counsel are experienced litigators, who have been involved in multiple complex class actions and other important federal court cases against the Government. The three most senior lawyers on the trial team are all highly experienced litigators, with a combined 59 years of primarily federal court litigation experience. *See* Baruch Decl. ¶ 3. Counsel's experience includes acting as class counsel in a class action against the United States Parole Commission brought on behalf of D.C. Code Offenders, which resulted in Judge Sullivan entering a consent decree and plaintiffs' counsel recovering substantial EAJA fees. Baruch Decl. at ¶ 5.

Counsel are knowledgeable on the requirements and provisions of 8 U.S.C. § 1440 and the Administrative Procedure Act.

To date, they have expended substantial resources and time over the past several months addressing the issues in this case and in the related *Nio* action, and they are prepared to commit the resources necessary to successfully and thoroughly prosecute this case. *See, e.g., In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184 (S.D.N.Y. 2008). For example, counsel extensively researched the claims in this case before filing suit, including performing factual research on the background of this case and conducting extensive legal research on the legal bases of the claims raised herein, both during the preparation for the actual filing of this case and during their handling of the *Nio* action. *See, e.g.*, *Greenberg v. Colvin*, 63 F. Supp. 3d 37, 47 (D.D.C. 2014) (noting law firm's "significant history of investigating the claims in this action" in granting the class counsel appointment); *Encinas*, 265 F.R.D. at 9 ("Counsel have already committed substantial time and resources to identifying and investigating potential claims in the action.").[3]  Accordingly, Plaintiffs' counsel qualify for class counsel appointment in this case.

---

[3]    As the Court is aware, Plaintiffs' counsel serve as counsel for the plaintiffs in the *Nio* action, an action brought by MAVNI Selected Reservists who have received N-426s certifying their honorable service and filed applications for naturalization pursuant to 8 U.S.C. § 1440.

## **CONCLUSION**

For these reasons, Plaintiffs' motion should be granted.  Plaintiffs respectfully request that the Court

(a) certify the proposed class, consisting of all persons who: (i) have enlisted in the U.S. military through the MAVNI program; (ii) have served in the Selected Reserve, and (iii) have not received a completed Form N-426 from the military; and

(b) appoint undersigned counsel to represent the class.

Respectfully submitted,

/s/ Joseph J. LoBue
Joseph J. LoBue (D.C. Bar No. 484097)
Douglas W. Baruch (D.C. Bar No. 414354)
Jennifer M. Wollenberg (D.C. Bar No. 494895)
Neaha P. Raol (D.C. Bar No. 1005816)
Webster R. M. Beary (D.C. Bar No. 1041653)
Shaun A. Gates (D.C. Bar No. 1034196)
Katherine L. St. Romain (D.C. Bar No. 1035008)
Fried, Frank, Harris, Shriver & Jacobson LLP
801 17th Street, NW
Washington, D.C. 20006
Telephone:  (202) 639-7000
Facsimile:   (202) 639-7003
Email: joseph.lobue@friedfrank.com
Email: douglas.baruch@friedfrank.com
Email: jennifer.wollenberg@friedfrank.com

*Counsel for Plaintiffs*

16