UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAHLON KIRWA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF DEFENSE, *et al.*, <br><br> Defendants. | Civil Action No. 17-1793(ESH) |

## MEMORANDUM OPINION

Before the Court is plaintiffs' motion for class certification.  (Pls.' Mot. For Class Certification and Appointment of Class Counsel, Sept. 19, 2017, ECF No. 12, ("Class Mot."); Supp. Mem. in Support of Pls.' Class Mot., Nov. 3, 2017, ECF No. 34, ("Supp. Class Mot.").) The Court thoroughly considered the present class certification issues when it provisionally certified the class in *Kirwa*, No. 17-cv-1793, 2017 WL 4862763 (D.D.C. Oct. 25, 2017), and when it certified the class in the related *Nio* case, *Nio v. United States Dep't of Homeland Sec.*, No. 17-cv-998, 2017 WL 4876276 (D.D.C. Oct. 27, 2017).  In fact, "[d]efendants have decided not to oppose Plaintiffs' motion in this case because the Court granted a similar motion for class certification in *Nio* . . . .  The Government reserves its objections to class certification that it set forth in the *Nio* litigation."  (Notice of Defs.' Non-Opp. to Pls.' Mot. for Class Cert., Nov. 28, 2017, ECF No. 40, at 1.)

The only remaining dispute between the parties regarding class certification is whether the class should be defined as those MAVNI enlistees who have not received a completed Form

N-426 as October 25, 2017, or whether the class should be defined as those MAVNI enlistees who have not received a completed Form N-426 as of the filing of this opinion.  Consistent with the definition the Court used to provisionally certify the class, the Court will define the class as all persons who (1) have enlisted in the U.S. military through the Military Accessions Vital to the National Interest ("MAVNI") program prior to October 13, 2017, (2) who have served in the Selected Reserve of the Ready Reserve ("Selected Reserve"), and (3) have not received a completed and duly authenticated Form N-426.

The formal joint communication to the class members, which defendants have agreed to distribute, shall not be disseminated until the Court's resolution of the dispute between the parties regarding language about the class members' rights under the preliminary injunction. (*See* Notice of Filing of Proposed Joint Communication to Class Members, Nov. 29, 2017, ECF No. 43.)  Having satisfied itself that plaintiffs have met the requirements of Federal Rule of Civil Procedure 23, the Court will certify a class as further detailed in the Court's accompanying Order, ECF No. 48.

/s/ *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date:   December 1, 2017