# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

**MAHLON KIRWA,** *et al.*,

                **Plaintiffs,**

         **v.**

**UNITED STATES DEPARTMENT OF DEFENSE,** *et al.*,

                **Defendants.**

Civil Action No. 17-1793(ESH)

---

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is defendants' motion for reconsideration of the Court's order denying defendants' motion to dismiss plaintiffs' constitutional claims.

Interlocutory decisions "may be revised at any time before the entry of a judgment." Fed. R. Civ. P. 54(b). However, a court "should be loathe" to grant a motion for reconsideration "in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Marshall v. Honeywell Tech. Sols., Inc.*, 598 F. Supp. 2d 57, 59 (D.D.C. 2009) (citation omitted); *see also Mohammadi v. Islamic Republic of Iran*, 782 F.3d 9, 17 (D.C. Cir. 2015). "The moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied." *Marshall*, 598 F. Supp. 2d at 60; *see also Nat'l Ctr. for Mfg. Scis. v. Dep't of Def.*, 199 F.3d 507, 511 (D.C. Cir. 2000) (noting that "a district court should not grant a motion for reconsideration unless the moving party shows new facts or clear errors of law which compel the court to change its prior position").

In their motion for reconsideration, defendants argue that the "Court appears to have

overlooked or misunderstood several of Defendants' arguments and controlling authorities."
(Defs.' Mot. for Recons., ECF No. 72, at 1.)  Yet defendants fail to point the Court to any
controlling authority in either their initial motion or reply brief that would render the Court's
earlier decision clear error.  Instead, defendants repackage arguments already made and attempt
to slip in additional arguments not previously made before the Court.  "[I]n this Circuit, it is
'well-established' that motions for reconsideration 'cannot be used as an opportunity to reargue
facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories
or arguments that could have been advanced earlier.'"  *Dist. Hosp. Partners, L.P. v. Sebelius*,
No. 11-cv-0116, 2011 WL 13248160, at *1 (D.D.C. Sept. 1, 2011) (citation omitted).

 Even considering defendants' new arguments, the Court finds that defendants have not
met their burden of demonstrating that the Court's initial decision was clearly erroneous and
worked a manifest injustice.  For these reasons defendants' motion for reconsideration, ECF No.
72, is **DENIED**.


 **SO ORDERED**.


     /s/ *Ellen Segal Huvelle*
     ELLEN SEGAL HUVELLE
     United States District Judge

Date: May 23, 2018