UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAHLON KIRWA, *et al.*,

        Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
DEFENSE, *et al.*,

        Defendants.

Civil Action No. 17-1793(ESH)

## MEMORANDUM OPINION AND ORDER

Before the Court is defendants' motion to clarify the *Kirwa* class certification order, ECF No. 83. "[T]here is no Federal Rule of Civil Procedure specifically governing "motions for clarification." *United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011). "The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *Id.* (citation omitted). The Court will deny defendants' motion because there is nothing ambiguous or vague about the class definition.

The Court's class certification order entered on December 1, 2017—granting plaintiffs' unopposed motion for class certification—defines the *Kirwa* class as

> all persons who
>
> (1) have enlisted in the U.S. military through the Military Accessions Vital to the National Interest ("MAVNI") program prior to October 13, 2017,
>
> (2) have served in the Selected Reserve of the Ready Reserve ("Selected Reserve"), and
>
> (3) have not received a completed and duly authenticated Form N-426.

(ECF No. 48; *see also* ECF No. 32 (provisionally certifying the same class for purposes of

1

preliminary injunctive relief on October 27, 2017).) Similarly, the December 4, 2017 class notice agreed to by the parties described class membership in the following manner:

You are a member of the class in this litigation if you meet the following criteria:

- You are an enlistee in the Military Accessions Vital to the National Interest ("MAVNI") program;

- You enlisted prior to October 13, 2017;

- You have served in the Selected Reserve; *and*

- You have not received a completed and signed Form N-426 from DOD.

(ECF No. 54-1.) Defendants have filed the instant motion because

At the time of class certification, Defendants understood the class to comprise MAVNI enlistees in the Delayed Training Program ("DTP"), *i.e.*, those enlistees who had not yet entered initial entry training ("IET," also known as basic combat training or "BCT") because their background investigations and military service suitability determinations remained pending. As set forth below, Defendants have identified two other groups of MAVNI affiliates that Defendants do not understand to fall within the class as defined. These individuals include (1) former MAVNI Soldiers who were discharged prior to October 13, 2017, and who may not have received a signed Form N-426 prior to discharge; and (2) MAVNI Soldiers who had already shipped to IET as of October 13, 2017, and who *should have* received, but may not *certainly* have received, a signed N-426 shortly after arriving at IET.

(Defs.' Mot. to Clarify, ECF No. 83, at 1–2.)

"The Court denies plaintiff's motion to 'clarify' because, first of all, the motion does not actually indicate that there was anything unclear about the Order." *Comm. on Oversight & Gov't Reform v. Holder*, No. 12-cv-1332, 2014 U.S. Dist. LEXIS 199455 at *2 (D.D.C. Sept. 9, 2014). That a MAVNI was discharged prior to October 13, 2017, or that a MAVNI had shipped to IET before October 13, 2017, would not automatically exclude that enlistee from falling within the class definition of a (1) MAVNI enlistee who had enlisted prior to October 13, 2017, (2) served in the Selected Reserve, and (3) not received a completed and duly authenticated Form N-426.

2

Despite acknowledging that the two groups of MAVNI enlistees defendants now seek to exclude fall within the Court's current class definition, defendants suggest that the Court's motivation and concern for certifying the class did not extend to these two groups. (Defs.' Mot. to Clarify, ECF No. 83, at 4–5.) This argument fails for multiple reasons. First, the plain language of the Court's order governs over any implicit intent defendants seek to divine from the Court's opinion. Second, in both this case and the related *Nio* case, the Court and the parties have been operating under the assumption that *Kirwa* class members could move through military processes differently depending on individualized circumstances, but what made them *Kirwa* class members was past honorable service and the lack of a completed Form N-426.[1]

Defendants themselves admit in their reply that they understand the Court's preliminary injunction order "to require Army officials to render honorable service determinations for any requesting MAVNI Soldiers who have served in the Selected Reserve of the Ready Reserve, regardless of these Soldiers' current status." (ECF No. 89, at 2.) What appears to be motivating defendants' motion is a concern that defendants will face challenges in identifying and reporting on discharged MAVNIs or MAVNIs who have gone to IET without an N-426. (*Id.*) But the fact that defendants have to expend resources to identify and track class members is not a reason to exclude class members who clearly fall within the definition of class. *See Philip Morris USA Inc.*, 793 F. Supp. 2d at 168 ("It is significant that Defendants fail to identify anywhere in their Motion which provisions of [the challenged order] are 'ambiguous' or 'vague.' Rather what Defendant seek is to add new language to [the challenged order] containing new declarations of

---

[1] Indeed the class definition in the related *Nio* action largely parallels the *Kirwa* definition except for the fact that *Kirwa* class members do not have an N-426. Defendants' counsel and counsel in the related *Nio* action have treated the subclasses they now seek to exclude as part of the class on multiple occasions. (*See, e.g.*, Pls.' Opp. to Defs.' Mot. to Clarify, ECF No. 86, at 4–7.)

law."). This case is before a magistrate judge for case-management purposes and the parties should seek a joint resolution of issues regarding class administration if defendants are experiencing administrative problems tracking and reporting on the class.[2] Granting defendants' motion would wrongly exclude class members who fall within the current and unambiguous class definition. For these reasons—and the additional reasons aptly explained in plaintiffs' opposition to defendants' motion (ECF No. 86)—defendants' motion to clarify the *Kirwa* class certification order is **DENIED**.

**SO ORDERED**.

/s/ *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date: May 23, 2018

---

[2] If plaintiffs know of MAVNI enlistees who are unable to obtain N-426s and fall within the definition of the class, then they should inform defendants directly. It may also be true that defendants will be unable to identify discharged MAVNIs and provide contact information to plaintiffs' counsel for these MAVNIs. For these and any other administrative disputes, the parties should use their best efforts to reach resolution before going to the magistrate judge. As the Court has reminded the parties in this action and in the related *Nio* action, filing multiple motions after every individualized disagreement in the case is the most judicially inefficient way to move towards resolution.