IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAHLON KIRWA, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF DEFENSE and MARK T. ESPER, in his official capacity as Secretary of Defense, <br><br> *Defendants*. | Civil Action No. 1:17-cv-01793-ESH-RMM <br> The Honorable Ellen Segal Huvelle |

**JOINT STATUS REPORT**

In its July 29, 2020 Order, the Court directed the parties to file a joint status report setting forth their joint proposal for resolving the case. Dkt. 231. The parties have exchanged views but have not reached agreement on a joint proposal. Accordingly, the parties' respective positions are set forth below.

Plaintiffs' Position

One year ago, in a July 31, 2019 Minute Order, the Court directed the parties to file a joint status report on the parties' progress in developing a plan for bringing this case to a close. In that joint status report, filed on August 30, 2019, the parties informed the Court that they were discussing a joint approach to "substantially moot" the case (Dkt. 177). However, the parties never reached agreement on a joint approach and notwithstanding multiple attempts and proposals by Plaintiffs in the intervening months, the parties do not appear to be any closer to an agreed resolution for closing out this case. Given that history, and the Court's indication at the July 29, 2020 hearing that this case should come to a close, Plaintiffs' position is that the Court should convert the October 27, 2017 preliminary injunction (Dkt. 32) into a permanent injunction. Under well-established law, the Court

would retain jurisdiction.  *See McCall-Bey v. Franzen*, 777 F.2d 1178, 1183 (7th Cir. 1985); *Am. Min. Cong. v. U.S. Army Corps of Eng'rs*, 120 F. Supp. 2d 23, 27-28 (D.D.C. 2000).

Plaintiffs remain open to continuing discussions with Defendants following entry of the permanent injunction.

Defendants' Position

The government is committed to a timely resolution of this matter but is unable to agree to entry of a permanent injunction at the present time.  The government continues to study which next step(s) may be appropriate to bring this proceeding to a timely resolution while fulfilling its duty to defend Congresses' intent in issuing statutory directives to DoD under 8 U.S.C. § 1440 and the 2020 National Defense Authorization Act.  In particular, the government would like to determine whether this Court's resolution of the questions presented in *Samma, et al. v. DoD, et al.*, No. 1:20-cv-01104, may be relevant to the resolution of this case.  If the Court decides to enter a permanent injunction notwithstanding the government's current position, the government would oppose continuing jurisdiction.

    Respectfully submitted,

*/s/ Jennifer M. Wollenberg*
Jennifer M. Wollenberg (D.C. Bar No. 494895)
Douglas W. Baruch (D.C. Bar No. 414354)
Kayla Stachniak Kaplan (D.C. Bar No. 996635)
Neaha P. Raol (D.C. Bar No. 1005816)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, D.C.  20004-2541
Tel:   202.739.3000
Fax:    202.739.3001
Email:  jennifer.wollenberg@morganlewis.com
Email:  douglas.baruch@morganlewis.com
Email:  kayla.kaplan@morganlewis.com
Email:  neaha.raol@morganlewis.com

*Counsel for Plaintiffs*

ETHAN P. DAVIS
Acting Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Branch Director
Federal Programs Branch

*/s/ Liam C. Holland*
LIAM C. HOLLAND
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Tel: (202) 514-4964
Fax: (202) 616-8470
Email: Liam.C.Holland@usdoj.gov

*Counsel for Defendants*