IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAHLON KIRWA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF DEFENSE, et al., <br><br> Defendants. | Civil Action No. 1:17-cv-01793-PLF |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT REGARDING PLAINTIFFS' CLAIMS FOR EQUAL ACCESS TO JUSTICE ACT ATTORNEYS' FEES AND COSTS**

Plaintiffs Mahlon Kirwa, Santhosh Meenhallimath and Ashok Viswanathan ("Named Plaintiffs"), on behalf of themselves and all Class Members, and Defendants United States Department of Defense, *et al.* ("Defendants" and, collectively with Plaintiffs, "the Parties") respectfully move this Court for approval of the Parties' Settlement Agreement concerning Plaintiffs' claims for Equal Access to Justice Act attorneys' fees and costs (attached to the Declaration of Jennifer M. Wollenberg ("Wollenberg Decl.") as Exhibit A and referred to as the "Agreement").

The Court resolved this case on the merits in September 2020 when it entered judgment for Plaintiffs. Plaintiffs did not seek, and the Court did not award, any monetary remedy; the relief granted was a permanent injunction against Defendants. Defendants did not pursue an appeal. Thus, for many months the only open issue in this litigation has been Plaintiffs' claim for attorneys' fees, costs, and other expenses under the Equal Access to Justice Act ("EAJA"). After extensive arm's length negotiations, the Parties have agreed to settle that claim for a one-time lump sum payment of $700,000. This settlement is fair and reasonable, and the Parties respectfully request

that the Court approve the Agreement.[1]

## I. BACKGROUND

Under 8 U.S.C. § 1440, certain noncitizen soldiers who have served honorably during designated periods of war are eligible for naturalization. Section 1440 assigns Defendants the role of determining whether a soldier seeking naturalization has served honorably. *See* § 1440 ("The executive department under which such person served shall determine whether persons have served honorably in an active-duty status, and whether separation from such service was under honorable conditions; . . ."). For military naturalization purposes, Department of Defense ("DoD") services have certified that a solider has served honorably under § 1440 using U.S. Citizenship and Immigration Services Form N-426 ("Form N-426"). This case involved Plaintiffs' challenges to

---

[1] Plaintiffs do not believe that court approval is required in the circumstances here. Generally, Rule 23 requires court approval of class action settlements in order to protect the interests of the class. *See, e.g., Keepseagle v. Perdue*, 856 F. 3d 1039, 1048 (D.C. Cir. 2017) (stating that "[v]arious class action procedures protect class members from being taken advantage of by class representatives, including … the requirement that a court ensure that any settlement is 'fair, reasonable, and adequate'"). Plaintiffs do not believe that the Parties' separate settlement regarding attorneys' fees, costs and other expenses constitutes a "claim[] ... of a certified class" that "may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). As explained below, the Agreement does not affect the rights of the Plaintiffs or the class at least because: (1) their claims in the case have been separately vindicated by final judgment; (2) the named Plaintiffs assigned any claim for fees to their pro bono counsel at the outset of the litigation; (3) and the settlement is not drawn from a common fund (and, in any case, the litigation did not seek or result in a monetary recovery by the Plaintiff class).

Defendants believe that Court approval of the Agreement is appropriate. Claims for attorneys' fees, costs and other expenses under the EAJA in a certified class action are claims of the certified class. Fed. R. Civ. P. 23(e); *see also* Amended Complaint, ECF No. 33 at 36 ("respectfully request[ing] that this Court . . . [a]ward Plaintiffs and the class reasonable costs and attorneys' fees, including under the Equal Access to Justice Act"). As the Committee Notes on Rules for the 2003 Amendments to Rule 23 explain, "[b]ecause members of the class have an interest in the arrangements for payment of class counsel whether that payment comes from the class fund or is made directly by another party, [class] notice," and an opportunity to object before court approval, "is required in all instances." Courts routinely review class settlements of EAJA claims under Rule 23 and provide class members with the opportunity to review the proposed agreement. *See, e.g. Vietnam Veterans of Am. v. Central Intelligence Agency*, 2018 WL 4827397 (N.D. Cal. Oct. 4, 2018).

Defendants' policies effectuating the statute.

On October 25, 2017, the Court issued a preliminary injunction enjoining Defendants from "refusing to sign and issue Form N-426s to members of the Selected Reserve pursuant to Section II of DOD's October 13, 2017 Guidance." *See* ECF Nos. 28, 32; *see also* ECF No. 28 (certifying a provisional class). On December 1, 2017, the court certified a class of "all persons who (1) have enlisted in the U.S. military through the Military Accessions Vital to the National Interest ("MAVNI") program prior to October 13, 2017, (2) have served in the Selected Reserve of the Ready Reserve [], and (3) have not received a completed and duly authenticated Form N-426," and appointed Plaintiffs' counsel as Class Counsel. *See* ECF 48.

After the Court granted Plaintiffs' motion for a preliminary injunction, Defendants filed a motion to dismiss, or in the alternative, for summary judgment. *See* ECF 39. On January 11, 2018, the Court granted Defendants' motion to dismiss Plaintiffs' Constitutional substantive due process claim, but otherwise denied the motion to dismiss and motion for summary judgment. *See* ECF 60 at 24; *see also* ECF 92 (denying Defendants' motion for reconsideration).

On September 2, 2020, the Court converted its preliminary injunction into a permanent injunction. The Court permanently enjoined Defendants from "refusing to sign and issue Form N-426s to members of the class pursuant to Section II of DOD's October 13, 2017 N-426 Policy" and from "refusing to certify class members who have served for one day or more in the Selected Reserve as having served honorably, except as related to the conduct of an individual plaintiff or class member as reflected in that soldier's service record and based on sufficient grounds generally applicable to all enlistees." Judgment, (ECF 235, Sept. 2, 2020).

## II.   PLAINTIFFS' CLAIM FOR FEES AND COSTS

Under the EAJA, a prevailing party may recover attorneys' fees, costs, and other expenses from the government in at least two different circumstances. First, 28 U.S.C. § 2412(b) "makes

'[t]he United States ... liable for [attorneys'] fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." *American Hosp. Ass'n v. Sullivan*, 938 F.2d 216, 219 (D.C. Cir. 1991).

Second, the EAJA provides for recovery of fees and expenses in non-tort cases "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(2)(B). So long as the prevailing party meets the net worth limitation, as the Named Plaintiffs attest here, the "court shall award to a prevailing party other than the United States fees and other expenses." 28 U.S.C. § 2412(d)(2)(B). Once a plaintiff establishes that he or she is a "prevailing party" and alleges the government's position was not "substantially justified," the burden shifts to the government on the substantial justification issue. *Doty v. United States*, 71 F.3d 384, 385 (Fed. Cir. 1995). The government also bears the burden of proving that there are "special circumstances" which foreclose a fee award. *Id*. Fees awarded under § 2412(d)(2)(B) are based on an hourly rate of "$125 per hour unless the court determines that an increase in the cost of living[2] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

In Plaintiffs' view, under 28 U.S.C. § 2412(b), and consistent with the common law, the government is liable to a prevailing party either "where [] bad faith (1) occurred in connection with the litigation, or (2) was an aspect of the conduct giving rise to the lawsuit." *American Hosp. Ass'n*, 938 F.2d at 219. In Plaintiffs' view, "[n]o statutory ceiling on the hourly rate used to

---

[2] When applied, the EAJA statutory rate is routinely adjusted for an increase in the cost of living. *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 969 (D.C. Cir. 2004).

calculate fees under § 2412(b) exists; thus, an award of attorney fees for bad faith can be calculated at market rates." *Gray Panthers Project Fund v. Thompson*, 304 F. Supp. 2d 36, 39 (D.D.C. 2004).

**III.   THE SETTLEMENT AGREEMENT**

   **A.   Plaintiffs' Position on Plaintiffs' Claim for Fees, Costs, and Expenses**

Plaintiffs are eligible for an award of market rate fees under § 2412(b) because Defendants acted in bad faith, or alternatively under § 2412(d) because Defendants' position was not substantially justified and the facts of the case justify a special factor enhancement above the EAJA statutory rate to market rate fees. In the alternative, Plaintiffs have informed Defendants that they are, at minimum, eligible for an award of fees under § 2412(d) at the EAJA statutory rate after adjustment for an increase in the cost of living.

Class Counsel devoted 2,863 hours to this lengthy class action litigation, and submit that this amount of time was reasonable and necessary to bring the case to successful resolution. Wollenberg Decl. ¶ 7. At Class Counsel's standard hourly rates, which Plaintiffs contend are a reasonable measure of market rates, that time is valued at more than $2.5 million. *Id.* ¶ 8. At the EAJA rate (including the cost-of-living upward adjustment), that time is valued at more than $565,000. *Id.* ¶ 9.

In addition, Plaintiffs incurred $3,031 in costs they contend are recoverable. *Id.* ¶ 10.

   **B.   Defendants' Position on Plaintiffs' Claim for Fees, Costs, and Expenses**

Defendants deny that Plaintiffs are entitled to any recovery under either §§ 2412(b) or 2412(d). Defendants have not acted in bad faith, and their position was, at a minimum, substantially justified. Even if the Court were to award fees, no special factor enhancement would be warranted nor would Plaintiffs be entitled to market rates; moreover, Class Counsel's standard rates are not a reasonable measure of market rates. Any fee award should be limited to the EAJA statutory rate adjusted for the cost of living. However, the total number of hours claimed in those

billing records is unreasonable, and a fee award should be based only on time reasonably spent. Finally, Defendants dispute the amount of Plaintiffs' recoverable costs.

### C. The Parties' Agreement

In order to avoid further motion practice, the Parties have reached an Agreement resolving their EAJA fees and costs dispute. This Agreement was reached following Defendants' review of supporting material provided by Plaintiffs (including law firm billing records), lengthy correspondence setting out their respective positions, and direct talks, all over a several month period between December 2020 and April 2021. Wollenberg Decl. ¶ 3. Those negotiations led to a compromise agreement under which Defendants will pay Plaintiffs $700,000 to resolve Plaintiffs' claims for attorneys' fees and costs. Plaintiffs and Defendants agree that this settlement is reasonable.

### IV.    TO THE EXTENT THAT THE COURT DETERMINES THAT ITS APPROVAL IS NECESSARY, THE COURT SHOULD APPROVE THE AGREEMENT

Under Rule 23(e),

> [T]he Court may approve [a settlement that "would bind class members"] only after a hearing and only on a finding that it is fair, reasonable, and adequate after considering whether:
>
> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i)   the costs, risks, and delay of trial and appeal;
>>
>> (ii)  the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>>
>> (iv)  any agreement required to be identified under Rule

        23(e)(3); and

    (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Plaintiffs' counsel avers that the Court should find that the class has been adequately represented. On September 9, 2020, this Court converted its preliminary injunction into a permanent injunction, entering final judgment on the merits and providing Plaintiffs relief by setting aside the government policy that, according to Plaintiffs, would have prevented MAVNIs from obtaining their Form N-426 honorable service certifications prior to serving in active duty status and for some period of time after. *See* ECF 235. With the Form N-426 honorable service certification, class members have been able to apply for naturalization. Wollenberg Decl. ¶ 13.

The Agreement was negotiated independent of and only after entry of final judgment on the merits in the underlying litigation. The Agreement in no manner affects any rights obtained by Plaintiffs or any class member by virtue of the injunctive relief entered by the Court in the litigation. Moreover, the amount of attorneys' fees and costs agreed to has no impact on the substantive relief afforded to Plaintiffs.

Further, Plaintiffs' counsel avers that neither Plaintiffs nor the class directly are affected by the terms of the settlement because each Named Plaintiff assigned to Plaintiffs' counsel all interest in any attorney's fees, expenses, or costs that may be recovered in this litigation as part of the engagement agreement with counsel.[3] Wollenberg Decl. ¶ 14; Ex. B ¶ 4; Ex. C. ¶ 4; Ex. D ¶ 4.

---

[3] Plaintiffs' counsel avers that the Named Plaintiffs and the class have been represented in this action by Fried, Frank, Harris, Shriver & Jacobson LLP and, after the lead attorneys moved firms, by Morgan Lewis & Bockius LLP. *See* Wollenberg Decl. ¶ 2. Plaintiffs' counsel further avers that Morgan Lewis will donate the fees recovered for its work on the underlying litigation to charitable causes and legal services organizations. *Id.* ¶ 15. Fried Frank also has committed to donate a substantial portion of the fees recovered for its work to charitable causes. *Id.* at ¶ 16.

Plaintiffs' counsel also avers that no Named Plaintiff or class member personally incurred any fees or expenses in this case, and none has a financial interest in the amount of fees and expenses recovered. In this situation, there can be no concern that the settlement is somehow inadequate or inequitable, because neither the Named Plaintiffs nor the class are separately entitled to any recovery. The rights of the class have already been fully vindicated through the judgment on the merits, and this settlement does not affect the Named Plaintiffs or the class in any way.

Under Rule 23(h), the Court "may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." This settlement is reasonable in light of the time and expense required to fully litigate this matter, the result obtained for the class, and the risks to each side of further litigation on this subject.

Taking into account the risks, costs, and uncertainties involved with motion practice regarding an award of attorneys' fees, costs, and other expenses pursuant to the EAJA, the proposed settlement in the amount of $700,000 is fair and reasonable. It is a sensible compromise in light of both sides' potential risks and benefits in further litigation, avoids further motion practice, and conserves both party and judicial resources.[4]

V.   **CONCLUSION**

For all of these reasons, the Parties respectfully ask the Court to grant this Motion, enter an order approving the Agreement, and award attorneys' fees, costs, and expenses to Plaintiffs in the amount of $700,000.

---

[4] Class Counsel has used the website https://dcfederalcourtmavniclasslitigation.org/ to communicate with the class throughout the litigation. Wollenberg Decl. ¶ 18. While the parties disagree about whether the "claims, issues, or defenses of a certified class" are impacted by this attorneys' fees and costs settlement, Class Counsel will publish this joint motion for approval, supporting documentation, and the Agreement on the aforementioned website concurrent with filing this joint motion with the Court.

Dated: May 26, 2021

/s/ Susan Baker Manning
Jennifer M. Wollenberg (D.C. Bar No. 494895)
Douglas W. Baruch (D.C. Bar No. 414354)
Susan Baker Manning (D.C. Bar No. 499635)
Kayla S. Kaplan (D.C. Bar No. 996635)
Neaha P. Raol (D.C. Bar No. 1005816)
**MORGAN, LEWIS & BOCKIUS, LLP**
1111 Pennsylvania Ave., NW
Washington, D.C. 20004-2541
Telephone: 202.739.3000
Facsimile: 202.739.3001
jennifer.wollenberg@morganlewis.com
douglas.baruch@morganlewis.com
susan.manning@morganlewis.com
kayla.kaplan@morganlewis.com
neaha.raol@morganlewis.com

*Counsel for Plaintiffs*

Respectfully submitted,

BRIAN BOYNTON
Acting Assistant Attorney General

ANTHONY COPPOLINO
Deputy Branch Director

/s/ Liam C. Holland
LIAM HOLLAND
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St., NW
Washington, DC 20005
Tel.: (202) 514-4964
Fax: (202) 616-8470
Email: Liam.C.Holland@usdoj.gov

*Attorneys for Defendants*