IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAHLON KIRWA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF DEFENSE, et al., <br><br> Defendants. | Civil Action No. 1:17-cv-01793-PLF |

**DECLARATION OF JENNIFER M. WOLLENBERG IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT REGARDING PLAINTIFFS' CLAIMS FOR EQUAL ACCESS TO JUSTICE ACT ATTORNEYS' FEES AND COSTS**

I, Jennifer M. Wollenberg, declare as follows:

1. I am a partner of Morgan, Lewis & Bockius LLP ("Morgan Lewis") resident in the firm's Washington, D.C. office and a member of the Litigation Practice Group. I am a member in good standing of the bar of the District of Columbia, the bar of the State of New York, and the bar of this Court. I have personal knowledge of the facts stated herein, except those stated on information and belief, and, if called upon, could and would testify competently to them. I submit this declaration in support of the Parties' Joint Motion for Approval of Settlement Regarding Plaintiffs' Claims for Equal Access to Justice Act Attorney's Fees and Costs filed in the above-captioned case ("the Motion").

2. Since the original *Kirwa* Complaint was filed in September 2017, my partner Douglas W. Baruch and I have served as counsel-of-record for Plaintiffs in the case. *See* Complaint (ECF 1). When this case began, Mr. Baruch and I were with the firm Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank"), and we were assisted by a large team of Fried Frank attorneys and other legal professionals. Mr. Baruch and I joined Morgan Lewis on July 22,

-1-

2019, and, with the consent of Plaintiffs, we remained lead counsel in the matter and transitioned it from Fried Frank to Morgan Lewis. Several members of the Fried Frank case team also joined Morgan Lewis and have continued to represent the *Kirwa* Plaintiffs and class. We have been assisted by other Morgan Lewis attorneys as well.

3. District Judge Huvelle entered judgment and a permanent injunction on September 2, 2020. *See* ECF 235. The parties began discussions regarding Plaintiffs' claim for attorney's fees, costs, and other expenses under the Equal Access to Justice Act ("EAJA") only after entry of final judgment and Defendants elected not to appeal. From December 2020 to April 2021, Plaintiffs provided law firm billing records, the parties traded lengthy correspondence setting out their respective positions, and the parties engaged in extensive negotiations to determine whether a negotiated resolution of this issue was possible.

4. Plaintiffs informed Defendants that Plaintiffs believe they are eligible for an award of market rate fees under 28 U.S.C. § 2412(b) under the theory that the government's conduct was in bad faith or alternatively under 28 U.S.C. § 2412(d) under the theory that the government's position was not substantially justified and the facts of the case justify a special factor enhancement above the EAJA statutory rate to market rate fees. In the alternative, Plaintiffs asserted that they are, at minimum, eligible for an award of fees under § 2412(d) at the EAJA statutory rate after adjustment for an increase in the cost of living.

5. Defendants informed Plaintiffs that they disputed each of the points above and denied that Plaintiffs are entitled to any recovery under either §§ 2412(b) or 2412(d).

6. Ultimately, as reflected in Exhibit A, those negotiations led to a compromise agreement under which Defendants will make a one-time payment of $700,000 to resolve Plaintiffs' claims for attorneys' fees, costs, and other expenses.

7. As reflected in the billing records Plaintiffs provided to Defendants, Class counsel at two different firms devoted 2,863 hours to this case.

8. At Class Counsels' standard hourly rates, that time is valued at $2,568,022.

9. At the EAJA statutory rate (after adjustment for increases in the cost of living), that time is valued at more than $565,000.

10. As reflected in the billing records Plaintiffs provided to Defendants, Class Counsel also incurred $3,031.75 in recoverable costs.

11. The hours identified above do not include all of the time that Class Counsel have, in fact, spent on the case. Nor does the cost amount above include all of counsel's actual costs related to this case. Rather, Class Counsel have exercised billing judgment to reduce the amount of time and the costs for which they sought recovery.

12. In addition, the amounts identified above do not include time or expenditures after October 2020, including time and expenditures related to the preparation for their motion for fees, or for ongoing work on behalf of class members who have not yet received their N-426s.

13. Class Counsel estimate that to date Defendants have provided more than 1,000 former *Kirwa* class members certifications of honorable service pursuant to the injunctions in this case. Class members may submit those certifications to United States Citizenship and Immigration Services to seek naturalization.

14. Fried Frank and Morgan Lewis each entered engagement agreements with the named Plaintiffs in which the firms agreed to represent Plaintiffs pro bono. Each Plaintiff assigned to their attorneys all interest in any attorney's fees, expenses, or costs that may be recovered in this litigation as part of the engagement agreement between them and counsel.

15. Should an award be made to Plaintiffs, Morgan Lewis intends to donate all fees

related to its work obtaining the permanent injunction to charitable purposes and legal services organizations, including the firm's ML Foundation.

16. I am authorized to represent that Fried Frank will apply a substantial portion of any attorneys' fee award in this matter to support that firm's pro bono partners and/or other public interest organizations.

17. Upon the filing of the Motion, Class Counsel will publish the parties' proposed resolution of these claims on the website https://dcfederalcourtmavniclasslitigation.org/. Class Counsel has used this website to communicate with the class throughout the litigation.

18. Exhibit A is a true and correct copy of an agreement dated May 13, 2021 between Plaintiffs and Defendants agreeing to settle Plaintiffs' claim for attorneys' fees, costs, and other expenses pursuant to the Equal Access to Justice Act.

19. Exhibit B is a true and correct copy of the declaration of Plaintiff Mahlon Kirwa.

20. Exhibit C is a true and correct copy of the declaration of Plaintiff Santhosh Meenhallimath.

21. Exhibit D is a true and correct copy of the declaration of Plaintiff Ashok Viswanathan.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 13, 2021

                                                                                                    *Jennifer M. Wollenberg*
                                                                                                     Jennifer M. Wollenberg