# ATTACHMENT A

## SETTLEMENT AGREEMENT

By and through their respective counsel, Plaintiffs Mahlon Kirwa, Santhosh Meenhallimath and Ashok Viswanathan ("Named Plaintiffs"), on behalf of themselves and all Class Members, (collectively, "Plaintiffs"); along with Defendants United States Department of Defense and Lloyd J. Austin III, in his official capacity as United States Secretary of Defense, acting through the United States Department of Justice ("Department of Justice") (collectively, "Defendants," and collectively with Plaintiffs, the "Parties"), hereby agree to settle and compromise Plaintiffs' request for an award of attorney fees, expenses, and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq.* (the "EAJA"), arising from the civil action captioned *Kirwa, et al. v. United States Department of Defense, et al.*, Civ. A. No. 1:17-cv-01793 (PLF) (D.D.C.) (the "Civil Action"), under the terms and conditions set forth in this Settlement Agreement (the "Agreement"), subject to any necessary court approval.

1. Defendants shall pay Plaintiffs' undersigned counsel a one-time lump sum of Seven Hundred Thousand dollars ($700,000.00) for attorney fees, other litigation expenses, and costs reasonably incurred in the Civil Action (the "Settlement Payment") in full and complete satisfaction of Plaintiffs' EAJA claim and any and all potential claims that Plaintiffs may have for attorney fees, expenses, and costs associated with the Civil Action, inclusive of any interest. After the court's final approval of this Agreement or the court's determination that such approval is unnecessary, (a) Plaintiffs' counsel promptly will provide Defendants' counsel all required payment processing information, and (b) Defendants will make a good-faith attempt to make the Settlement Payment within 45

calendar days thereafter. If the Government's fiscal operations are slowed in light of the COVID-19 (coronavirus) pandemic, Defendants will advise Plaintiffs of any payment delays and make reasonable efforts to effectuate payment under those circumstances.

2. Plaintiffs hereby fully and forever release and discharge Defendants, the United States, any department, agency or establishment of the United States, and their present or former officials, employees, successors, and agents, in their official and individual capacities, from any and all claims for attorney fees, other litigation expenses, and/or costs that have been, or could have been, made as a result of the Civil Action. Without limiting the generality of the foregoing, this release encompasses, resolves, and satisfies all claims for attorney fees, other litigation expenses, and costs in connection with all facets of the EAJA, from the initial submission of Plaintiffs' Complaint and including any litigation, as well as any other proceedings involving claims or causes of action that were or could have been raised in the Civil Action. Notwithstanding the foregoing, nothing in this release shall be deemed to compromise any claims for attorney fees, other litigation expenses, and costs under the EAJA that Plaintiffs have or may have arising under the following matters designated as "related" to the Civil Action for work performed in those matters: *Nio, et al. v. Department of Homeland Security, et al.*, No. 1:17-cv-00998-PLF (D.D.C.), *Calixto v. Department of the Army, et al.*, No. 1:18-cv-01551-PLF (D.D.C.), and *Miriyeva v. U.S. Citizenship And Immigration Services, et al.*, No. 1:19-cv-03351-ESH (D.D.C.), *appeal pending as* No. 20-5032 (D.C. Cir.). Additionally, any claims for attorney fees, other litigation expenses, and costs in connection with all facets of the EAJA, pursued in the aforementioned matters designated as "related" to the Civil Action shall not seek to

recover attorney fees, other litigation expenses, and/or costs related to the Civil Action settled in this Agreement. Nothing in this Agreement shall be deemed, construed or represented to prejudice or compromise Defendants' claims or defenses in the aforementioned matters designated as "related" to the Civil Action in any way.

3. Plaintiffs assume liability for any tax consequences that may arise from this Agreement. Compliance with all applicable federal, state, and local tax requirements shall be the sole responsibility of Plaintiffs. This Agreement is executed without reliance upon any representation by Defendants as to tax consequences, and Plaintiffs are responsible for the payment of all taxes that may be associated with the settlement payments. Further, nothing in this Agreement waives or modifies federal, state, or local law pertaining to taxes, offsets, levies, and liens that may apply to this Agreement or the settlement proceeds, and this Agreement is executed without reliance on any representation by Defendants as to the application of any such law.

4. This Agreement has been entered into by Plaintiffs and Defendants solely for the purposes of compromising potentially disputed claims for an award of attorney fees, other litigation expenses, and costs without protracted legal proceedings and avoiding the expense and risk of litigation regarding such an award. Therefore, this Agreement is not intended and shall not be deemed, construed, or represented as an admission by any Party of the merit or lack of merit of an opposing Party's claims or defenses. Without limiting the generality of the foregoing, this Agreement does not constitute, and shall not be construed as, (i) an admission of liability or fault on the part of the Defendants or the United States or their present or former officials, employees or agents, or (ii) as an admission of

3

any contested fact alleged by Plaintiffs in connection with Plaintiffs' request for an award of attorney fees, expenses, and/or costs arising from the Civil Action. This Agreement may not be used as evidence or otherwise in any civil or administrative action or proceeding against Defendants or the United States or any of their present or former officials, employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof. This Settlement Agreement shall not be used in any manner to establish liability for fees, amounts, or hourly rates in any other case, proceeding, or related litigation.

5. This Agreement contains the entire agreement between the Parties hereto and supersedes all previous agreements, whether written or oral, between the Parties relating to the subject matter hereof. No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise given any force or effect in connection herewith.

6. The terms of this Agreement may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the Party to be charged with the modification, amendment, or waiver, or by such Party's counsel.

7. The Parties acknowledge that the preparation of this Agreement was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Agreement or any term or provision hereof.

8. Each Party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Agreement.

9. Plaintiffs warrant and represent that no other action or suit with respect to the claims for attorney fees, other litigation expenses, and costs advanced in this suit is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. The Named Plaintiffs further warrant and represent that except to their counsel in this action they have made no assignment or transfer of all or any part of their rights arising out of, or relating to, the claims for attorney fees, other litigation expenses, and costs advanced in this suit.

10. Within five days of the execution date of this Agreement, Defendants will join Plaintiffs in submitting to the court a motion for approval of settlement regarding Plaintiffs' claims for attorney fees, other litigation expenses, and costs in this Civil Action. A copy of the joint motion is attached as Attachment A.

11. This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. A portable document format (".PDF") signature, electronic image of a signature, or other duplicate of a signature shall have the same effect as a manually-executed original.

12. Each signatory to this Agreement represents and warrants that he, she, or it is fully authorized to enter into this Agreement on behalf of the persons or entities indicated below, and has done so freely and voluntarily, without any degree of duress or compulsion.

This Agreement is executed when signed by the undersigned counsel of all Parties hereto and effective upon any necessary court approval.

13. Subject to the Parties' ability to respond to any request from the Court for clarification purposes, the Parties agree not to oppose the court's approval of $700,000 as a reasonable settment amount for all fees, other litigation expenses, and costs arising from this Civil Action. Defendants reserve the right to object to and/or oppose any effort to impose the cost of notice on Defendants or to otherwise impose upon Defendants any obligation to expend government resources to effectuate any required notice. If the court rejects this Agreement or approves any amount other than $700,000, this Agreement shall be voidable by the Defendants and/or Plaintiffs. The Defendants and/or Plaintiffs must provide the other party with notice of its decision to void the Agreement in writing within thirty (30) calendar days of the court's action.

NOW, THEREFORE, it is hereby AGREED, by and among the Parties to this Agreement, through their respective attorneys, subject to any necessary court approval, in consideration of the benefits flowing hereto from this Agreement, that the settled claims for fees, other litigation expenses, and/or costs shall be compromised, settled, forever released, barred, and dismissed with prejudice, upon and subject to the above terms and conditions.

DATED: May 26, 2021

*(signature: Jennifer W. Wollenberg)*
Jennifer M. Wollenberg
Douglas W. Baruch
MORGAN LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, D.C. 20004
Telephone: (202) 739-3000
Facsimile: (202) 739-3001
jennifer.wollenberg@morganlewis.com
douglas.baruch@morganlewis.com

*Attorneys for Plaintiffs*

BRIAN BOYNTON
Acting Assistant Attorney General

ANTHONY COPPOLINO
Deputy Branch Director

*(signature: Liam C. Holland)*
LIAM HOLLAND
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L, NW
Washington, DC 20005
Tel.: (202) 514-4964
Fax: (202) 616-8470
Email: Liam.C.Holland@usdoj.gov

*Attorneys for Defendants*