UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAHLON KIRWA, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT ) <br> OF DEFENSE, et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 17-1793 (PLF) |

MEMORANDUM OPINION AND ORDER

Plaintiffs Mahlon Kirwa, et al., and defendants, the United States Department of

Defense, et al., have filed a Joint Motion for Approval of Settlement Regarding Plaintiffs'

Claims for Equal Access to Justice Act Attorneys' Fees and Costs ("Joint Motion for Attorneys'

Fees") [Dkt. No. 251].  The Court will grant the parties' Joint Motion for Attorneys' Fees,

approve the parties' Settlement Agreement [Dkt. No. 251-2], and award attorneys' fees and costs

in the amount of $700,000.[1]

I.  BACKGROUND

The Court's prior opinions set out the detailed background of this case.  See

Kirwa v. U.S. Dep't of Def. ("Kirwa I"), 285 F. Supp. 3d 21 (D.D.C. 2017) (granting preliminary

injunctive relief); Kirwa v. U.S. Dep't of Def. ("Kirwa II"), 285 F. Supp. 3d 257 (D.D.C. 2018)

---

[1]      The Court has determined that it is unnecessary to hold a hearing to approve the
parties' Joint Motion for Attorneys' Fees.  See FED. R. CIV. P. 23(h)(3).

(granting in part and denying in part the defendants' motion to dismiss, or in the alternative, for summary judgment).[2]

In brief, the Secretary of Defense authorized the creation of the Military Accessions Vital to the National Interest ("MAVNI") program in 2008.  The MAVNI program permits non-citizens who are not lawful permanent residents to enlist in the U.S. military if it is determined to be vital to the national interest.  See Kirwa I, 285 F. Supp. 3d at 29.  Certain individuals who enlist in the Selected Reserve of the Ready Reserve ("Selected Reserve") of the U.S. military through the MAVNI program are eligible for naturalization under 8 U.S.C. § 1440.  See Kirwa I, 285 F. Supp. 3d at 31.  Namely, that statute permits non-citizens who have honorably served as members in the Selected Reserve or in an active-duty status in the military during a designated period of military hostilities (i.e., "qualifying military service") to become U.S. citizens.  See id. at 25-28, 30-31.  To determine eligibility for naturalization, the U.S. Citizenship and Immigration Services requires an applicant to submit, along with a Form N-400 application for naturalization, a Form N-426 completed by an official within the U.S. Department of Defense ("DOD") certifying the applicant's qualifying military service.  See id. at 27.  Starting in the spring of 2017, the Army and other branches of the U.S. military began to reject requests for Form N-426s from MAVNI enlistees who were serving in the Selected Reserve but had not yet been shipped to basic training.  See Kirwa I, 285 F. Supp. 3d at 26 & n.3, 32; Kirwa II, 285 F. Supp. 3d at 264.  On October 13, 2017, DOD issued formal policy guidance (the "October 13 Guidance") imposing additional requirements for the issuance of Form N-426s.  See Kirwa I, 285 F. Supp. 3d at 32-33; Kirwa II, 285 F. Supp. 3d at 264.

---

[2]     Judge Ellen Segal Huvelle presided over this case until her retirement, at which time the case was reassigned to the undersigned.

On September 1, 2017, plaintiffs filed a complaint in this Court challenging defendants' refusal to certify plaintiffs' Form N-426s, alleging violations of the Administrative Procedure Act, 5 U.S.C. § 706, and seeking mandamus, 28 U.S.C. § 1361.  Complaint and Prayer for Declaratory, Preliminary and Permanent Injunctive, Administrative Procedure Act, and Mandamus Relief [Dkt. No. 1].  On October 25, 2017, the Court provisionally certified a class and entered a preliminary injunction in favor of plaintiffs, enjoining defendants from refusing to complete plaintiffs' Form N-426s according to the DOD's October 13 Guidance.  See Order [Dkt. No. 28]; see Amended Order [Dkt. No. 32].  On December 1, 2017, the Court certified a class consisting of all persons who, by October 13, 2017, had enlisted in the U.S. military through the MAVNI program, had served in the Selected Reserve, and had not received a completed and duly authenticated Form N-426 certifying their qualifying military service.  See Order [Dkt. No. 48].

On September 2, 2020, the Court converted its preliminary injunction into a permanent injunction and entered judgment for plaintiffs.  See Judgment [Dkt. No. 235].[3]  The injunction prohibits defendants from "refusing to sign and issue Form N-426s to members of the class pursuant to Section II of DOD's [October 13 Guidance]" and from "refusing to certify class members who have served for one day or more in the Selected Reserve as having served honorably, except as related to the conduct of an individual plaintiff or class member as reflected in that soldier's service record and based on sufficient grounds generally applicable to all

---

[3]     In the interim, plaintiffs had filed an amended complaint, with leave of Court, to expressly challenge DOD's October 13 Guidance and to add several constitutional challenges to their complaint.  See Kirwa II, 285 F. Supp. 3d at 265.  On January 11, 2018, the Court dismissed plaintiffs' substantive due process claim but denied defendants' motion to dismiss, or in the alternative, for summary judgment, in all other respects.  See id. at 276.

enlistees."  Id.  On May 27, 2021, the parties jointly filed the motion for approval of a settlement

regarding attorneys' fees currently before the Court.  See Joint Motion for Attorneys' Fees.

## II.  DISCUSSION

### A.  The Equal Access to Justice Act

Plaintiffs seek an award of attorneys' fees and costs under the Equal Access to

Justice Act ("EAJA" or the "Act"), 28 U.S.C. § 2412.  Plaintiffs invoke Section 2412(d)(1)(A) of

the EAJA, which provides for the recovery of attorneys' fees and costs to a prevailing party in

non-tort cases against the United States "unless the court finds that the position of the United

States was substantially justified or that special circumstances make an award unjust."  Id.

§ 2412(d)(1)(A).  There is a cap on the hourly rate that may be charged under this subsection of

the statute.  See infra Section II.C.  Plaintiffs also cite Section 2412(b), which permits a court to

award reasonable attorneys' fees and costs to the prevailing party in any civil action against the

United States "to the same extent that any other party would be liable under the common law or

under the terms of any statute which specifically provides for such an award."  Id. § 2412(b).

Under that provision, and consistent with the common law, the United States may be liable for

attorneys' fees and costs if it has "acted in bad faith, vexatiously, wantonly, or for oppressive

reasons."  F.D. Rich Co. v. U.S. ex rel. Indus. Lumber Co., 417 U.S. 116, 129 (1974); see Am.

Hosp. Ass'n v. Sullivan, 938 F.2d 216, 219 (D.C. Cir. 1991).

Plaintiffs maintain that there is no statutory ceiling on the hourly rate used to

calculate fees under Section 2412(b) if there is a finding of bad faith.  See Gray Panthers Project

Fund v. Thompson, 304 F. Supp. 2d 36, 38 (D.D.C. 2004) ("No statutory ceiling on the hourly

rate used to calculate fees under § 2412(b) exists; thus, an award of attorney's fees for bad faith

can be calculated at market rates.").  Defendants maintain that they have not acted in bad faith

and that Section 2412(b) therefore is irrelevant.  See Joint Motion for Attorneys' Fees at 5-6.

The Settlement Agreement itself references the EAJA and cites 28 U.S.C. § 2412 without

mentioning any particular subsection of the Act.  See Settlement Agreement [Dkt. No. 251-2].

The Court sees no need to address the bad faith issue raised by plaintiffs and disputed by

defendants.

### B.  Notice and Opportunity for Class Members to Object

Under the Federal Rules of Civil Procedure, a court may award attorneys' fees

and costs that are authorized by law or by the parties' agreement.  FED. R. CIV. P. 23(h).  Notice

of the motion for attorney' fees must be "directed to class members in a reasonable manner,"

FED. R. CIV. P. 23(h)(1), so that a class member has an opportunity to object to the motion, see

FED. R. CIV. P. 23(h)(2).  Upon filing the Joint Motion for Attorneys' Fees in this case, class

counsel published the joint motion, supporting documentation, and the Settlement Agreement on

the website used to communicate with class members throughout the litigation:

https://dcfederalcourtmavniclasslitigation.org/.  See Joint Motion for Attorneys' Fees at 8 n.4;

see also Declaration of Jennifer W. Wollenberg in Support of Plaintiffs' Supplemental

Memorandum Regarding Class Member Responses to the Proposed Settlement Agreement

("Wollenberg Supp. Decl.") [Dkt. No. 253-1] at ¶¶ 3-4.  Furthermore, in accordance with this

Court's July 30, 2021 Order [Dkt. No. 252], plaintiffs filed a supplemental memorandum

reporting that, as of August 5, 2021, no class members had commented on or objected to the

motion for attorneys' fees.  See Plaintiffs' Supplemental Memorandum Regarding Class Member

Responses to the Proposed Settlement Agreement [Dkt. No. 253] at 1; Wollenberg Supp. Decl. at

¶ 5.  In view of the above, the Court finds that class counsel has provided notice to class

members sufficient to satisfy the demands of Rule 23(h)(1).  See Cobell v. Norton, 407 F. Supp.

2d 140, 147-48 (D.D.C. 2005) (finding that providing notice to class members via the website

used "as the primary vehicle to communicate" with class members throughout the litigation, in

addition to publishing notice in several newspapers, met the requirements of Rule 23(h)(1)).

### C.  Reasonableness of Fees and Costs Requested

"In a certified class action, the court may award reasonable attorneys' fees and

nontaxable costs that are authorized by law or by the parties' agreement." FED. R. CIV. P. 23(h).

Rule 23(h) does not itself "create new grounds for an award of attorney fees," FED. R. CIV. P.

23(h) advisory committee's note to 2003 amendment, "leaving the courts to continue to develop

the standards that will be applied." 7B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY

KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1803.1 (3d ed. 2021).

When awarding attorneys' fees, federal courts "have a duty to ensure that claims

for attorneys' fees are reasonable in light of the results obtained." In re Black Farmers

Discrimination Litig., 953 F. Supp. 2d 82, 87 (D.D.C. 2013) (internal citations omitted).  Where,

as here, the parties have reached an agreement on the award of attorneys' fees, the court may

give consideration and weight to that agreement, but "the court remains responsible to determine

a reasonable fee." FED. R. CIV. P. 23(h) advisory committee's note to 2003 amendment; see In re

Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 941 (9th Cir. 2011) ("[C]ourts have an

independent obligation to ensure that the award . . . is reasonable, even if the parties have already

agreed to an amount."); see, e.g., Alvarez v. Keystone Plus Constr. Corp., 303 F.R.D. 152, 166

(D.D.C. 2014); Wells v. Allstate Ins. Co., 557 F. Supp. 2d 1, 6 (D.D.C. 2008).

The determination of a reasonable fee under the EAJA is governed by the

approach first articulated by the Supreme Court in Hensley v. Eckerhart, 461 U.S. 424 (1983).

See Comm'r, I.N.S. v. Jean, 496 U.S. 154, 160 (1990) (noting that once the threshold

requirements for eligibility of attorneys' fees under the EAJA are met, "the district court's task

of determining what fee is reasonable is essentially the same as that described in Hensley"); see

also Anthony v. Sullivan, 982 F.2d 586, 589 (D.C. Cir. 1993).  Using the lodestar method, the

Court begins by "determining the amount of a reasonable fee," that is, "the number of hours

reasonably expended on the litigation multiplied by a reasonable hourly rate."  Hensley v.

Eckerhart, 461 U.S. at 433.  Plaintiffs represent that class counsel devoted 2,863 hours working

on this case, not including the time related to the preparation of the Joint Motion for Attorneys'

Fees.  See Exhibit A – Declaration of Jennifer M. Wollenberg ("Wollenberg Decl.") [Dkt.

No. 251-1] at ¶¶ 7, 12.  Given the scope of plaintiffs' claims and the duration of this litigation,

the Court finds reasonable the amount of time spent for this representation.  See Animal Legal

Def. Fund, Inc. v. Perdue, 292 F. Supp. 3d 315, 318-19 (D.D.C. 2018).  With regard to a

"reasonable hourly rate," plaintiffs represent that class counsel's baseline rate used to calculate

the proposed settlement amount was $197.35 per hour.[4]  In view of the complexity of this multi-

year litigation – which has involved extensive motions practice, including a motion for

preliminary injunction, as well as mediation and settlement negotiations – and the experience and

skill of counsel, this reflects a reasonable hourly rate for plaintiffs' counsel.  See Hensley v.

Eckerhart, 461 U.S. at 433; see, e.g., Alvarez v. Keystone Plus Constr. Corp., 303 F.R.D. at 166.

---

[4]        The EAJA allows a maximum rate of $125 per hour plus an upward cost-of-living
adjustment for claims for attorneys' fees brought under Section 2412(d)(1)(A).  See 28 U.S.C.
§ 2412(d)(2)(A).  Plaintiffs represent that, at the adjusted EAJA statutory rate of $197.35 per
hour, their time was valued at more than $565,000.  See Wollenberg Decl. at ¶ 9.  This reflects a
58% upward adjustment of the $125 statutory rate, an appropriate adjustment given the
significant increase in the local cost of living since the statutory rate was set in March 1996.  See
Porter v. Astrue, 999 F. Supp. 2d 35, 38-41 (D.D.C. 2013).  In addition, this is substantially
lower than counsel's standard hourly rate.  See Wollenberg Decl. at ¶ 8 (noting that, at class
counsel's standard hourly rate, their time would be valued at $2,568,022).

Multiplying the number of hours reasonably expended on the litigation by plaintiffs' counsel's

reasonable hourly rate yields a lodestar amount of $565,000.

To arrive at a fair and reasonable award of attorneys' fees, a court may further

adjust the lodestar amount considering several other factors, the most important of which is the

"results obtained." Hensley v. Eckerhart, 461 U.S. at 434; see Anthony v. Sullivan, 928 F.2d

at 589 (noting district courts "look primarily to the results obtained in calculating an appropriate

fee"). "Where a plaintiff has obtained excellent results, his attorney should recover a fully

compensatory fee." Hensley v. Eckerhart, 461 U.S. at 435. As discussed above, plaintiffs

successfully challenged defendants' policy and practice of refusing to certify class members'

Form N-426s, resulting in a preliminary and then a permanent injunction. See supra Part I. In

addition, class counsel estimates that through its efforts defendants "have provided more

than 1,000 former Kirwa class members certifications of honorable service pursuant to the

injunctions in this case." Wollenberg Decl. at ¶ 13. The Court therefore finds that the proposed

amount of $700,000 in attorneys' fees and costs agreed upon by the parties adequately reflects

plaintiffs' sterling success and is a reasonable and fair award. See Little v. Wash. Metro. Area

Transit Auth., 313 F. Supp. 3d 27, 39 (D.D.C. 2018) (awarding attorneys' fees where class

counsel "demonstrated exceptional skill in litigating an extremely difficult case and obtaining

class certification for liability purposes," the case lasted several years and was complex, and the

effort ultimately resulted in substantial relief to class members).[5]

---

[5]     Included within this decision, the Court finds reasonable the $3,031.75 in costs incurred by plaintiffs in litigating this action. See Wollenberg Decl. at ¶ 10; see, e.g., In re Fed. Nat'l Mortg. Ass'n Sec., Derivative, & "ERISA" Litig., 4 F. Supp. 3d 94, 113-14 (D.D.C. 2013).

### III.  CONCLUSION

For the foregoing reasons, the Court will grant the parties' Joint Motion for

Attorneys' Fees and award $700,000 in attorneys' fees and costs to plaintiffs.  Accordingly, it is

hereby

ORDERED that the parties' Joint Motion for Approval of Settlement Regarding

Plaintiffs' Claims for Equal Access to Justice Act Attorneys' Fees and Costs [Dkt. No. 251] is

GRANTED; it is

FURTHER ORDERED that the parties' Settlement Agreement [Dkt. No. 251-2]

is APPROVED; and it is

FURTHER ORDERED that the United States shall pay counsel for plaintiffs

$700,000 in attorneys' fees and costs.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  January 18, 2021